# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CHERISSE M. BOZOVIC,

    Plaintiff,
v.                      Case No. 08-CV-506

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration

    Defendant.

_____

## ORDER

On September 22, 2009, the court, upon finding a number of errors with the decision of the administrative law judge ("ALJ") who concluded that the plaintiff was ineligible for disability insurance benefits ("DIB"), vacated the ALJ's decision and remanded the case back to the Social Security Administration for further proceedings. (Docket #19). On December 18, 2009, the plaintiff filed a motion for attorneys fees (Docket #21), in which the plaintiff argued that she is entitled to $6,953.50[1] in attorneys' fee under the Equal Access to Justice Act ("EAJA"). The defendant opposed the motion through its brief on January 8, 2010, contending that the government's position in this case was "substantially justified." (Docket #24). With the benefit of the parties briefs, the court addresses the motion for attorneys' fees.

---

[1] The plaintiff has moved for additional fees as a result of having to prepare a responsive brief. The plaintiff now requests an order for the payment of attorneys' fees in the amount of $8,067.37.

EAJA provides, in relevant part, that a prevailing party is entitled to attorneys' fees only if "the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proving that its position had substantial justification. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Notably, a party is not entitled to attorneys' fees under the EAJA merely because that party was successful in the litigation at the district court. *Pierce v. Underwood*, 487 U.S. 552, 569, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988). Rather, the government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Id.* at 565-66. The Seventh Circuit has explained the substantial justification standard requires that the government's position have reasonable factual and legal bases, and there must be a reasonable connection between the facts and the legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *see also Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The court is also guided by the opinion of then-district Judge Hamilton, who succinctly summarized the Seventh Circuit case law on the substantial justification standard as follows:

> "In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees."

*Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 U.S. Dist. LEXIS 84424, at *6 (S.D. Ind. Nov. 16, 2006).

Here, the government contends that its position was "substantially justified" because: (1) the ALJ's errors were limited to three issues; and (2) the ALJ "gave reasons" for his decision with which the court merely "disagreed." (Def's Resp. Br. 2). The court disagrees and finds that the government's position was not substantially justified in the instant case. The fact that the court found that the ALJ only committed three errors and agreed with a large number of the government's arguments is not reason enough to find that substantial justification existed. *Hauser v. Astrue*, No. 08-CV-0321, 2009 U.S. Dist. LEXIS 81050, at *3 (E.D. Wis. Aug. 20, 2009) ("Substantial justification is not as simple as counting up the number of successful arguments made by each party and declaring that side the winner."). Moreover, the court finds that the government is downplaying the court's findings in the September 22, 2009 order. The court did not merely disagree with the reasons provided by the ALJ. Indeed, remanding based on a mere disagreement with how the ALJ weighed the evidence would have been improper. *See Walker v. Bowen*, 834 F.2d 635, 643-44 (7th Cir. 1987) (holding that a reviewing court may not reevaluate facts, re-weigh the evidence, or substitute its own judgment for that of the agency). Instead, the court found the ALJ's analysis in three separate areas to be wholly inadequate.

First, the court found that the reasons the ALJ proffered for why he did not find the testimony of Dr. Fetters, the plaintiff's physician, persuasive were utterly lacking. The ALJ rejected Dr. Fetters' testimony because he was not a treating physician and

-3-

because his testimony was not supported in the record. The ALJ provided no basis for his latter conclusion, failing to cite a single part of the record that contradicted Dr. Fetters' opinion. Moreover, the ALJ's argument that Dr. Fetters' testimony should not be favored because he was not the plaintiff's treating physician made little sense when the ALJ opted instead to rely on the opinions of other non-treating physicians. For the court, it appeared that the "ALJ cherry-picked the opinions of the doctors who allowed him to arrive at a desired outcome." (Docket #19). Relying on an ALJ's decision that "cherry-picked evidence" to support his findings does not constitute substantial justification. *See Golembiewski*, 382 F.3d at 725. More broadly, the court did not merely disagree with how the ALJ weighed the relevant evidence; the court used strong language to indicate that the ALJ's explanation was not only insufficient but wholly absent, requiring a remand. (Docket #19 at 26) ("Here, the bridge that the ALJ constructed is one that leads to 'nowhere,' as the ALJ does not account for the discrepancies in the weights given to the various medical sources in the record"); *see Golembiewski*, 382 F.3d at 724 ("Strong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees."). Ultimately, the court concludes that it was unreasonable of the ALJ to reject Dr. Fetters' opinion with illogical and poorly supported reasons.

Although the ALJ's inadequate evaluation of Dr. Fetters' opinion itself renders the government's position not substantially justified, the court also isolated two other

-4-

gross shortcomings with the agency's opinion in this court's September 22, 2009 order. The court found that the ALJ failed to discuss the opinion of Dr. Chan, a state medical expert, in violation of SSR 96-6p. Dr. Chan concluded in late 2006 that the plaintiff was limited in her ability for "handling" and "fingering," the most recent finding regarding the claimant's ability to use her hands. Instead of discussing Dr. Chan's conclusion, the ALJ opted to ignore the doctor's opinion and relied on older evidence that indicated that the plaintiff's hand problems were not disabling. The Commissioner is not substantially justified in defending an ALJ's decision that outright ignored evidence that directly contradicted the RFC determination. *Wates v. Barnhart*, 288 F. Supp. 2d 947, 952 (E.D. Wis. Oct. 17, 2003). Second, the court found that the ALJ failed to resolve a blatant conflict between the vocational expert and the *Dictionary of Occupation Titles,* in violation of SSR 00-4p. Such an error "merits an award of attorneys' fees under the EAJA." *Hauser,* 2009 U.S. Dist. LEXIS 81050, at * 6.

In short, the government's position is not substantially justified when considered in its entirety. The ALJ made a series of errors and ignored critical evidence that supported the plaintiff's disability claim. *See Purvis*, No. 1:04-cv-2124 DFH VSS, 2006 U.S. Dist. LEXIS 84424, at *2. The court will grant the plaintiff's motion for EAJA fees. The court will also grant the plaintiff's request for additional fees involving the preparation of the responsive brief.

Accordingly,

-5-

**IT IS ORDERED** that the plaintiff's motion for attorney's fee (Docket #21) be and the same is hereby **GRANTED**; the defendant shall pay the plaintiff's attorneys' fees in the amount of $8,067.37 directly to plaintiff's counsel, David F. Traver, pursuant to the fee agreement filed with the court.

Dated at Milwaukee, Wisconsin, this 20th day of July, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge